## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

MICHAEL AL-ABSI,
BACHIR AL-ABSI, and
JESSICA AL-ABSI,

                              Plaintiffs,

v.

PATRICK W. M. IMESON,
BLACK DIAMOND FINANCIAL GROUP LLC, and
BLACK DIAMOND HOLDINGS LLC,

                              Defendants.

### COMPLAINT TO ENFORCE PURCHASE AND SETTLEMENT AGREEMENT AND FOR ENTRY OF JUDGMENT BY CONFESSION

Plaintiffs Michel Al-Absi, Bachir Al-Absi, and Jessica Al-Absi (collectively, "Plaintiffs") complain against defendants Patrick W. M. Imeson ("Imeson"), Black Diamond Financial Group LLC ("BDFG"), and Black Diamond Holdings LLC ("BDH") as follows:

1. This action arises out of (a) defendants BDFG's and Imeson's failure to make payments owed to Plaintiffs under a Share Purchase, Settlement, Pledge, and Tolling Agreement with Plaintiffs (the "Purchase and Settlement Agreement") that they executed on September 13, 2016 and (b) defendant BDH's failure to make payment on a Promissory Note pledged to Plaintiffs under the Purchase and Settlement Agreement. True and correct copies of the Purchase and Settlement Agreement and Promissory Note are attached hereto as Exhibits A and B, respectively.

2.      Both the Purchase and Settlement Agreement and the Promissory Note contain Confession of Judgment provisions which warrant immediate judgments against Defendants for the relief sought in this Complaint.  These provisions were freely negotiated and were an integral part of Plaintiffs' agreement to enter into the Purchase and Settlement Agreement.  Defendants have been represented by experienced counsel at all relevant times, including in connection with the negotiation of the Purchase and Settlement Agreement and the Promissory Note.

### THE PARTIES

3.      Plaintiff Michel Al-Absi is a citizen of Lebanon and currently resides at Concord Tower, Suite 804, Dubai Media City, United Arab Emirates, P.O. Box 392730.

4.      Plaintiff Bachir Al-Absi is a citizen of Lebanon and currently resides Al Jaz Tower, 7th floor, Ahmad al Jaber Street, Sharq, Kuwait.

5.      Plaintiff Jessica Al-Absi is a citizen of Lebanon and currently resides at Concord Tower, Suite 804, Dubai Media City, United Arab Emirates, P.O. Box 392730.

6.      Defendant Imeson is a citizen of the State of Colorado and resides at 800 S. Mill Street, Unit 302, Aspen, CO 81611-1864.  Imeson's principal business address is 1610 Wynkoop St., Suite 400, Denver, CO 80202-1137, where he serves as the Managing Director of defendant BDFG.

7.      Defendant BDFG is a Delaware limited liability company formed in 2007 by Defendant Imeson.  Its principal place of business is 1610 Wynkoop St., Suite 400, Denver, CO 80202-1137.  Defendant Imeson serves as BDFG's registered agent.

8. Defendant BDH is a Colorado limited liability company formed in April 2011. BDH's principal place of business is 1610 Wynkoop St., Suite 400, Denver, CO 80202-1137. Defendant Imeson serves as BDH's registered agent.

## JURISDICTION

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2) as the parties are citizens of a State and citizens or subjects of a foreign state and the amount in controversy exceeds $75,000. None of the Plaintiffs are domiciled in Colorado.

10. This Court has personal jurisdiction over defendants. Defendant Imeson resides in Colorado. Defendants BDFG and BDH have their principal places of business in Colorado.

## FACTUAL BACKGROUND

### The Share Purchase, Settlement, Pledge, and Tolling Agreement

11. After extensive negotiations where all parties were represented by counsel, Plaintiffs and Defendants Imeson and BDFG executed the Purchase and Settlement Agreement on September 13 and 14, 2016. The Purchase and Settlement Agreement served to, among other things, resolve claims that the Plaintiffs had asserted against Defendants concerning their investments in a private equity fund called Calim Bridge Partners II LLC. The Purchase and Settlement Agreement is governed by the laws of Colorado. *See* Purchase and Settlement Agreement, ¶ 25.

12. Pursuant to the Purchase and Settlement Agreement, Defendants Imeson and BDFG (defined as "Purchasers" in the Purchase and Settlement Agreement) agreed to purchase the membership units of Calim Bridge Partners II LLC (the "Units") held by the Plaintiffs (defined as "Sellers") for a total amount of $3,250,000 (the "Purchase Price"). The Purchase

Price was to be paid pursuant a Payment Schedule set forth in Section 2.1 of the Purchase and Settlement Agreement (and set forth immediately below):

| Amount | Due Date |
| --- | --- |
| $100,000 ("First Payment") | December 31, 2016 |
| $150,000 ("Second Payment") | March 31, 2017 |
| $1,000,000 ("Third Payment") | June 30, 2017 |
| $1,000,000 ("Fourth Payment") | December 31, 2017 |
| $1,000,000 ("Fifth Payment") | June 30, 2018 |

13. Despite repeated demands, defendants Imeson and BDFG have failed to make both the First Payment and the Second Payment due under the Purchase and Settlement Agreement.

14. Defendants Imeson's and BDFG's failure to make the First Payment and the Second Payment constitutes an Event of Default under the Purchase and Settlement Agreement, triggering certain default rights. These default rights include: (a) the accrual of interest, at a rate of 12% per annum, on any unpaid balance owed under the Purchase and Settlement Agreement (*see id.*, ¶ 5); (b) a Confession of Judgment (*id.* ¶ 8); and (c) the transfer of a Promissory Note (discussed below) from BDH to BDFG to Sellers (*id.* ¶¶ 6-7).

15. The Purchase and Settlement Agreement includes the following Confession of Judgment provision:

> Confession of Judgment. In the event that Purchasers fail to make one or more of the Purchase Price Payments, each of Purchasers, hereby voluntarily, expressly, knowingly, and without contingency authorize an attorney at law selected by Purchasers to appear in any court in the state of Colorado, or any other state of the United States, to waive issuance and service of process and to confess a judgment against each of the Purchasers, jointly and severally, for all sums due, which unpaid sums shall be attested to in an affidavit signed by a representative of Sellers, together with costs of suit and all reasonable attorney's fees necessary to enforce this Agreement

> or the Promissory Note. Any failure by Purchasers to make any payment due under this Agreement will operate to confess judgment of all payments provided for in this Agreement, together with costs of suit and reasonable attorney's fees. Purchasers, and each of them, further hereby voluntarily, expressly and without contingency, waive and release all errors and rights of appeal.

16. Accordingly, the failure of defendants Imeson and BDFG to make either of the first two payments owed under the Purchase and Settlement Agreement serves to confess judgment over the entire $3,250,000 Purchase Price, as well as for the costs of suit and reasonable attorney's fees.

17. Confessions of judgment are valid and enforceable under Colorado law. *See Jensen vs. Farmfirst Home Builders*, Civil No. 07-cv-01938-REB-BNB, 2009 WL 3260663,*1 (D. Colo. Oct. 8, 2009) (entering entry of judgment against defendant based on confession of judgment provision in parties' settlement agreement); *Hecker vs. Vail*, 163 Colo. 389 (1967) (enforcing confession of judgment provision in cognovit promissory notes).

18. On April 24 2017, counsel for the Plaintiffs delivered an affidavit to defendants attesting to the amount due under the Purchase and Settlement Agreement. *See* Letter April 24, 2017 Letter from D. Torborg to Defendants (attached hereto as Exhibit C). That amount, as of April 24, 2017, was $3,385,250, consisting of the $3,250,000 Purchase Price (which became immediately due and payable upon Purchasers' failure to make any of the payments under the Purchase and Settlement Agreement); $120,250 in interest (calculated as of April 24, 2017); and in excess of $15,000 of reasonable attorney's fees to enforce the Purchase and Settlement Agreement.

19. On May 3, 2017, Defendant Imeson authorized Stephen D. Bell of Dorsey & Whitney LLP, who represented Defendants in the negotiation of the Purchase and Settlement

Agreement, to serve as counsel for purposes of the Confession of Judgment.  *See* May 3, 2017 email from P. Imeson to D. Torborg (attached hereto as Exhibit D).

The Promissory Note

20.     Pursuant to the Purchase and Settlement Agreement, BDFG pledged and granted to Plaintiffs a security interest in a Promissory Note owed from BDH to BDFG as security for payment in full of the Purchase Price.  *See* Purchase and Settlement Agreement, ¶ 7.1.  The Promissory Note requires BDH to make payments totaling $3,250,000 to BDFG, to be paid as follows:  $100,000 on December 31, 2016; $150,000 on March 31, 2017; $1,000,000 on June 30, 2017; $1,000,000 on December 31, 2017; and $1,000,000 on June 30, 2018.  *See* Promissory Note at 1.

21.      Upon the occurrence and during the continuation of an Event of Default under the Purchase and Settlement Agreement, the Purchase and Settlement Agreement authorizes the Plaintiffs to transfer the Promissory Note to Plaintiffs.  *See* Purchase and Settlement Agreement, ¶ 7.1 ("BDFG hereby pledges and grants to Sellers a security interest in the Promissory Note (the 'Pledge') as security for payment in full of the Purchase Price.  Purchasers [Defendants Imeson and BDFG herein] authorize Sellers [Plaintiffs herein] at any time upon the occurrence and during the continuation of an Event of Default, to transfer the Promissory Note to Sellers and neither Purchaser shall raise any objections to take any actions to prevent or impair such transfer.").  *See also* Promissory Note at 1 ("Each of Payor [BDH] and Holder [BDFG] agree, acknowledge and consent to transfer of this Note to the Sellers [Plaintiffs], and enforcement of this Note by the Sellers, upon the occurrence of a Transfer Event.").

22. On or around May 16, 2017, Plaintiff Michel Al-Absi executed a Note Transfer Agreement transferring the Promissory Note from BDFG to Plaintiffs, consistent with paragraph 7.1 of the Purchase and Settlement Agreement. *See* attached Exhibit E.

23. Paragraph 7.1 of the Purchase and Settlement Agreement further provides that, "upon an Event of Default, such Purchasers shall take any and all actions requested by Sellers to transfer the Promissory Note to Sellers, including executing and delivering any documentation requested by Sellers in connection therewith." *Id.* On May 8, 2017, counsel for Plaintiffs requested that Defendants execute a Note Transfer Agreement to transfer the Promissory Note from Defendant BDFG to Plaintiffs. *See* May 8, 2017 Email from D. Torborg to P. Imeson (attached hereto as Exhibit F). Defendants Imeson and BDFG have failed to execute the Note Transfer Agreement as required under the Purchase and Settlement Agreement.

24. In the event of non-cooperation, the Purchase and Settlement Agreement provides that an agent of Plaintiffs can effectuate the transfer of the Promissory Note on behalf of Defendants Imeson and BDFG. Specifically, pursuant to paragraph 7.4 of the Purchase and Settlement Agreement, Defendants Imeson and BDFG "authorize and empower Sellers [Plaintiffs herein] to make, constitute and appoint any officer or agent of Sellers as it may select, in its exclusive direction, as Purchasers' [Defendants Imeson and BDFG herein] true and lawful attorney-in-fact, with the power upon the occurrence and continuance of an Event of Default to endorse Purchasers' name on all applications, documents, papers and instruments necessary for Sellers, individually or collectively, to take actions with respect to the Promissory Note, including, without limitation, actions necessary for Sellers, individually or collectively, to assign, pledge, convey or otherwise transfer title in or dispose of the Promissory Note to anyone else."

Pursuant to this provision, counsel for Plaintiffs, as agent for Sellers, has executed the Note Transfer Agreement on behalf of defendants.  *See* June 1, 2017 Letter from D. Torborg to P. Imeson (attached hereto as Exhibit G).

25. Under the Promissory Note, a failure to pay "any portion of the principal of, interest on, or other amounts owing under, this Note" constitutes an Event of Default. Promissory Note, ¶ 6(a)(1).  Upon the occurrence and during an Event of Default of the Promissory Note, the Holder "shall have the right . . . to declare the entire principal amount then outstanding on this Note, and all other accrued and unpaid amounts, immediately due and payable, whereupon all such principal, interest, fees and other amounts shall become immediately due and payable." *Id.* ¶ 6(b).  The Holder of the Promissory Note may then "proceed to enforce the payment of such principal, interest, fees and other amounts, or part thereof, in such manner as Holder may elect." *Id.*

26. On June 1, 2017, Plaintiffs demanded that BDH make payment of the full amount owed under the Promissory Note, an amount of $3,250,000, by June 7, 2017.  *See* June 1, 2017 Letter from D. Torborg to P. Imeson (attached hereto as Exhibit G).  BDH failed to respond to Plaintiffs' demand.

27. Paragraph 16 of the Promissory Note contains the following Confession of Judgment provision:

> <u>CONFESSION OF JUDGMENT</u>.  PAYOR, HEREBY VOLUNTARILY, EXPRESSLY, KNOWINGLY AND WITHOUT CONTINGENCY AUTHORIZES ANY ATTORNEY AT LAW TO APPEAR IN ANY COURT IN THE STATE OF COLORADO, OR ANY OTHER STATE OF THE UNITED STATES, UPON DEFAULT OF PAYMENT OF ANY SUM DUE UNDER THIS NOTE, TO WAIVE THE ISSUANCE AND SERVICE OF PROCESS AND TO CONFESS A JUDGMENT AGAINST THE PAYOR, FOR ALL SUMS DUE UNDER THIS NOTE, THE

      PRINCIPAL AMOUNT TOGETHER WITH THE COSTS OF SUIT AND REASONABLE ATTORNEY FEES. PAYOR FURTHER HEREBY VOLUNTARILY, EXPRESSLY AND WITHOUT CONTINGENCY, WAIVES AND RELEASES ALL ERRORS AND RIGHTS OF APPEAL.

28. Under paragraph 8 of the Purchase and Settlement Agreement, Plaintiffs are entitled to recover all reasonable attorneys' fees, litigation expenses, and costs incurred to enforce the Purchase and Settlement Agreement and Promissory Note.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for entry of judgment in its favor and against Defendants as follows:

A. For entry of judgment against defendants Imeson and BDFG on the terms of the Confession of Judgment in the Share Purchase, Settlement, Pledge, and Tolling Agreement, which is an amount no less than $3,385,250, consisting of the $3,250,000 Purchase Price (which became immediately due and payable upon Purchasers' failure to make any of the payments under the Purchase and Settlement Agreement); $120,250 in interest (calculated as of April 24, 2017); and no less than $15,000 of reasonable attorney's fees to enforce the Purchase and Settlement Agreement and effectuate transfer of the Promissory Note;

B. For entry of judgment against defendant BDH on the terms of the Confession of Judgment in the Promissory Note, which is an amount no less than $3,250,000, plus post-judgment interest, plus Plaintiffs' reasonable attorneys' fees and costs incurred in collecting the Promissory Note;

C. For Plaintiffs' additional reasonable attorneys' fees, expenses, and costs incurred in this action; and

D. For any other relief that the Court deems just and proper.

Respectfully submitted this 8th day of June 2017.

s/ David S. Torborg
David S. Torborg, Esq.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Phone Number:  (202) 879-3939
Email:  dstorborg@jonesday.com

Attorney for Plaintiffs Michael Al-Absi, Bachir Al-Absi and Jessica Al-Absi

- 10 -